UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES BERNARD ROBINSON, JR.,

      Plaintiff,

vs.                      Case No.   2:07-cv-622-FtM-34SPC

UNKNOWN OFFICERS,

      Defendants.
_____/

### ORDER OF DISMISSAL[1]

This matter comes before the Court upon initial review of the file. Plaintiff, who is proceeding *pro se* and currently in custody at Charlotte Correctional Institution, initiated this action by filing a two-page "Motion to be Appointed an Attorney" (Doc. #1, Mot.) on September 25, 2007.

In the motion *sub judice*, Plaintiff requests that the Court appoint him an attorney because he has no funds to attain an attorney and is incarcerated. Mot. at 1. Additionally, Plaintiff alleges violations of his constitutional rights. Mot. at 1. Plaintiff does not name any Defendants; rather, he sues "unknown officers." Id. Although the motion includes a section Plaintiff entitles "Statement of Facts," the facts set forth only one incident on an unspecified day when an unidentified officer allegedly used "unjustified force"

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

on Plaintiff. <u>Id.</u> at 1. Additionally, the motion is entirely devoid of any facts pertaining to Plaintiff's exhaustion of his administrative remedies at Charlotte Correctional.

According to Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the Court." Plaintiff has not filed a complaint, instead he filed a "Motion to be Appointed an Attorney." Thus, the Clerk of Court is directed to close this action. Plaintiff may initiate a civil rights action pursuant to 42 U.S.C. § 1983, if he chooses, by filing the enclosed § 1983 Complaint form.

With regard to Plaintiff's "Motion to be Appointed an Attorney," the United States Supreme Court has held that "[t]he pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." <u>Lassiter v. Dept. of Social Services</u>, 452 U.S. 18, 25 (1981). An action filed under 42 U.S.C. § 1983 is civil in nature and does not affect a plaintiff's physical liberty. The constitutional rights of an accused in a criminal proceeding differ substantially from those of a plaintiff in a civil action. The Court has the discretion under 28 U.S.C. § 1915(e)(1) to request that an attorney represent a litigant proceeding *in forma pauperis* when exceptional circumstances are present. Plaintiff, however, has not filed a motion to proceed *in forma pauperis* and at

this stage of the proceedings the Court does not find exceptional circumstances exist.

If Plaintiff initiates a new action by filing a § 1983 Complaint form, Plaintiff shall not set forth the "facts" in a narrative chronology, but instead put the facts in a sequentially numbered paragraphs. Federal Rule of Civil Procedure 10 requires that all averments of the claim "shall be made in numbered paragraphs" and limited to "a statement of a single set of circumstances." Additionally, Federal Rule of Civil Procedure 8(a) requires that **pleadings include a short and plain statement of facts** showing that the pleader is entitled to relief. Plaintiff is required to comply with these minimal pleading standards.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to be Appointed an Attorney (Doc. #1) is **DENIED**.

2. The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this action.

3. The Clerk of Court shall mail Plaintiff the following documents: (1) a § 1983 Complaint form; and (2) an affidavit of indigence and prisoner consent form.

**DONE AND ORDERED** in Fort Myers, Florida, on this 19th day of October, 2007.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

-3-

SA: alj
Copies: All Parties of Record